CASE No. 859.

CHARLES v. CHARLES.

1. The assignment of a homestead is without authority and void as against a debt contracted before the adoption of the constitution of 1868, and may be disregarded whenever that fact appears in any proceeding, direct or collateral. *Bull* v. *Rowe, ante p.* 355.
2. The right of an administrator to proceed against his debtor's homestead is not affected by his acceptance in his own right of a dividend from the sale of the debtor's land, in excess of the homestead assignment.
3. The right of homestead is not adjudicated by an order discharging a rule which was moved against the sheriff to require him to sell, where the discharge was granted upon the ground that a rule was not the proper proceeding.
4. The question of right of homestead may be determined under proceedings by rule against the sheriff.
5. This case distinguished from *Kirby* v. *Woods,* 5 *S. C.* 4.

Before FRASER, J., April, 1879, and ALDRICH, J., July, 1879, Greenville.

This case is stated in the opinion of the court.

*Mr. W. E. Earle,* for appellant.

*Mr. J. P. Moore,* contra.

April 20th, 1880.   The opinion of the court was delivered by

McGOWAN, A. J.   Some time during the late war, (1865,) James O. Charles died, leaving a will, of which his widow, Martha A. Charles is executrix.   It does not appear that James O. Charles died insolvent, but we assume that he did, for the appellant was sued and judgments recovered against her as executrix by T. L. Hedrick and W. W. Tarrant & Co.   The sheriff of Greenville made a levy, in the case of W. W. Tarrant & Co., upon the lands of the testator.   The appellant, as his widow, claimed homestead, and one hundred and twenty-five acres of her late husband's lands were assigned to her as home-

2 B

stead, and the return of appraisers made May 23d, 1871. The remainder of the land was afterwards sold, April, 1873, and the proceeds distributed among the judgment creditors according to their priorities, the *pro rata* share of the executions above-named being paid to R. H. Jacobs, who, we infer, had become the owner and assignee thereof.

In the meantime, in March, 1872, after the homestead was assigned as stated, John Charles, as administrator, obtained judgment against Martha A. Charles, as executrix, upon a note given by her testator in 1858. In April, 1872, John Charles was removed as administrator, and R. H. Jacobs appointed administrator *de bonis non* in his place. In September, 1872, the then acting administrator had the execution levied upon the land set off as homestead to the appellant, but the sheriff refused to sell, and he was twice ruled and each time the rule was discharged. The administrator "*de bonis non*" then commenced action against the appellant, and obtained a temporary injunction to stay waste, but a demurrer was sustained on the ground that "the complaint did not state facts sufficient to constitute a cause of action." He then again ruled the sheriff to require him to levy and sell the homestead. Judge Fraser heard the case and made the rule absolute. Notice of appeal was given, but not being prosecuted, another rule upon the sheriff was obtained, being the *fourth* in the case, which was heard by Judge Aldrich, and again made absolute ; and from both these orders the appeal comes to this court.

We have at the present term decided, in the case of *Bull* v. *Rowe, ante p.* 355, that the assignment of homestead as against a debt contracted before the adoption of the constitution is without authority and void, and that such assignment may be disregarded as a nullity whenever that fact appears in any proceeding, direct or collateral. The testator of appellant died before the constitution was adopted, and, therefore, it is clear that she was not entitled to homestead in his lands as against any of his debts. The whole proceeding was void, and in such case there can be no *res adjudicata.* The appraisers have no jurisdiction' as to *the right* of homestead, and judgment in the case of John Charles had not been rendered at the time the assignment was

made. The fact that R. H. Jocobs, in his individual capacity, received in other cases the proceeds of the other property sold outside of the homestead cannot affect the rights of the parties interested in the judgment in this case, which he is controlling as administrator *de bonis non.* It would seem that there has been no blamable negligence in this case, as this is the *fifth* effort to make the money. But it is urged that, admitting the assignment of homestead to be utterly void, and that it was error to discharge the first rule, the execution creditor should have appealed, and not having done so, the matter *is adjudged,* and he could not renew the effort to make the sheriff sell the land. The question was not determined on its merits in such a way as to impose the consequences of not appealing. The rule was discharged upon the ground that a rule was not the proper proceeding. It was like a non-suit ordered in an action improperly conceived.

We do not see why the question of appellant's right to homestead cannot be decided upon a rule on the sheriff. No question as to the title to property is involved. The right to homestead is not a *new estate* given by the law, but a negation of the ordinary rights of the creditor as to certain property for certain purposes—an "exemption," dealing merely with the process for enforcing the contract but leaving the title to the property untouched. As the sheriff is the officer appointed by law to levy and sell property under execution, it would seem that the question of "exemption from levy and sale" could be made upon a rule on the sheriff requiring him to do his duty. Indeed, that seems the appropriate way in all cases where the assignment of homestead is absolutely void. The leading case on the subject in the United States Court, *Dunn* v. *Barry,* 15 *Wall.* 610, was decided on motion for *rule* and *mandamus,* requiring the sheriff of Randolph county, Georgia, to levy and sell the land which had been set off as homestead under the unconstitutional state law. Many of our cases upon the subject have been decided on rule requiring the sheriff to enforce the process. *Kellar* v. *Myers,* 5 *S. C.* 11 ; *Cochran* v. *Darcey,* 5 *S. C.* 125 ; *Geraty & Armstrong* v. *Du Bose,* 5 *S. C.* 493 ; *De La Howe* v. *Harper,* 5 *S. C.* 470.

It is true, that in the case of *Kirby* v. *Woods*, 5 *S. C.* 4, which was a rule upon the sheriff to sell land which had been set off as a homestead, it was held that " under the circumstances set forth in the return the sheriff was not in contempt and the rule was discharged." In that case the merits were not considered. One Kirby recovered a judgment against Woods, as administrator of Hickson, in 1868, upon a debt older than the constitution, and John M. Tindal, sheriff of Sumter, was ruled to sell the land of which Hickson died seized. The sheriff made return that he levied on the land, but that it had been assigned as homestead to Mrs. Hickson; that Kirby had filed objections and " *thereupon it was agreed that the residue of the land should not be sold until the right to the homestead exemption had been decided by the court.*" Before it was decided by the court, he ruled the sheriff for not selling, and the rule was properly discharged. The court say " Kirby should have consummated the proceedings he had initiated. There is not such a willful and culpable disobedience as shows a contempt of the authority under which the process to the sheriff issued, which should subject him to this summary mode of proceeding. The rules which bind the ministerial officers of the court to a strict and proper performance of all duties enjoined by law are not to be relaxed, but at the same time they are not to be so harshly construed as to provoke punishment where it is clear that there is no wrongful disobedience." The court was right in holding Kirby to his agreement, and that is the point of the case.

Very often the object of the rule is not to punish the sheriff, but to enforce a claim of right. Our law imposes penalties upon the sheriff for violating the homestead. It is not his duty to decide conflicting rights, and until the question is decided he is not culpable or in default, and the court will see to it that he is not punished. He is not required to run the risk of punishment, but to do as the sheriff in this case did, give notice to the person claiming homestead and refer the question of his duty to the court, which may decide it, or, if necessary, order an issue. *Taylor* v. *Easterling*, 1 *Rich.* 316; *Cannady* v. *Odum & Matheny*, 2 *Rich.* 527; *Brown* v. *Furze*, 2 *Rich.* 531; *Thomas* v. *Aitken, Dud.* 293.

What is here said is not intended to conflict with any of the decided cases in our books, which hold that the court will not in a summary way upon mere rule decide any matter in which there is conflicting testimony, but leave the party to his action. That is a safe rule of practice and necessary for the proper administration of the law, but it has no application where the facts are simple or admitted, or it is a question of law—especially one in reference to the duty of the officer who is ruled in regard to the enforcement of the process of the court.

We agree with the Circuit judge, that in this case "the sheriff stands in the same position that he does in all other cases where he has the process of the court in his hands, and no sufficient excuse for not enforcing the same."

The orders below for making the rule absolute are affirmed, the appeal dismissed and the case remanded for such orders as may be necessary to carry out the principles herein announced.

WILLARD, C. J., and McIVER, A. J., concurred.